IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely;<br>a.k.a. James Gatewood Blakely;<br>a.k.a. Jimmy G. Blakely,<br><br>        Plaintiff,<br><br>v.<br><br>Michael McCall; D. Bush; S. Clayton;<br>M. Snyder; A. Enloe; Ms. Loew; Mr.<br>Olsen; Ann Hallman; David M. Tatarsky;<br>Robert Wards; William Byars, Jr.,<br><br>        Defendants. | Civil Action No.: 5:12-410-RMG<br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process, as to all Defendants except Defendant Nurse A. Enloe. (Dkt. No. 14). For the reasons set forth below, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court except as to Plaintiff's retaliation claim.

**Background**

Plaintiff, a state prisoner proceeding pro se, filed this civil action pursuant to 28 U.S.C. § 1983 alleging violation of his constitutional rights due to his treatment by prison officials at the Leiber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915(e)(2). On May 10, 2012, the Magistrate Judge issued an R&R recommending that Plaintiff's complaint be summarily dismissed, without

1

prejudice and without issuance and service of process, as to all Defendants except Defendant Nurse A. Enloe. (Dkt. No. 14). Plaintiff filed timely objections to the R&R. (Dkt. No. 18).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

After careful review of the pleadings, the R&R, and the objections of Plaintiff, the Court agrees with and adopts the R&R as the order of the Court except for the Magistrate Judge's recommendation regarding Plaintiff's retaliation claim.

Plaintiff's alleges retaliation for the exercise of his First Amendment rights.

> [A] § 1983 retaliation plaintiff must establish three elements in order to prove a First Amendment § 1983 retaliation claim. First, the plaintiff must demonstrate that his or her speech was protected. Second, the plaintiff must demonstrate that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech. Third, the plaintiff must demonstrate that a causal relationship exists between its speech and the defendant's retaliatory action.

*Suarez Corp. v. McGraw*, 202 F.3d 676, 685-86 (4th Cir. 2000) (internal citations omitted). "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of [the protected] rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005).

In the present case, Plaintiff alleges that service of process of a previous lawsuit on Defendants McCall and Bush occurred on August 11, 2011, and he was falsely accused of leaving his work area in the cafeteria without cleaning over 100 dirty trays on the same day, and then fired from his cafeteria job the next day. Plaintiff also alleges that he filed grievances the following day, but that they were never processed. On November 23, 2011, Plaintiff alleges an officer came to his room to inform him he was being transferred and placed him in lock-up for five days prior to the transfer. Plaintiff alleges all this was done in retaliation for exercising his First Amendment right to access the courts.

In her R&R, the Magistrate Judge found that Plaintiff satisfied the first element of his claim, but that he could not satisfy the following two elements. Although the Court considers it a close question, after liberally construing the complaint, the Court finds Plaintiff has alleged sufficient facts to state a claim for retaliation. Regarding the second element, Plaintiff's allegations that he was unjustly fired from his prison job, his grievances ignored, and ultimately transferred to another facility away from his family are, taking all reasonable inferences in his

favor, enough to "likely deter a person of ordinary firmness from the exercise of" his First Amendment rights. *Constantine*, 411 F.3d at 500. The Magistrate Judge notes that Plaintiff's access to the courts has apparently not been chilled as evidenced by his frequent filings in this and other pending civil matters. However, "[t]he prisoner need not succumb entirely or even partially to the threat; it is sufficient that the retaliation was intended to limit the prisoner's right of access to the court and was reasonably calculated to have that effect." *Goodman v. Smith*, 58 Fed. App'x 36, 38 (4th Cir. 2003). Further, in his objections, Plaintiff asserts he was denied access to the law library and legal materials, and is only able to continue litigation efforts by trading materials with fellow prisoners. (Dkt. No. 18 at 17). Finally, the Court finds Plaintiff has sufficiently alleged a causal relationship due to the temporal proximity of the protected speech and the retaliatory action. *See Saleh v. Upadhyay*, 11 Fed. App'x 241, 256 (4th Cir. 2001).

The Court agrees with the Magistrate Judge that Plaintiff's remaining claims for 1) obstruction of justice, 2) denial of Due Process and Equal Protection, and 3) Cruel and Unusual Punishment fail allege facts sufficient to state a claim. As stated by the Magistrate Judge, a prisoner has no constitutionally protected interest in access to the grievance process, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), or to placement in any particular prison or custody classification, *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Further, Plaintiff's objections that Defendants violated SCDC policies in his transfer and custody classification do not equate to constitutional violations. *See Guess v. Ozmint*, C.A. No. 9:08-3076-TLW, 2009 WL 3255224, at *9 (D.S.C. Oct. 7, 2009) (collecting cases).

4

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court except as to Plaintiff's retaliation claim. Accordingly, the Court summarily dismisses Plaintiff's claims except for his claims for 1) deliberate indifference against Defendant Nurse A. Enloe and 2) retaliation. Accordingly, the Court orders the complaint be served on the remaining Defendants.[1]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 14, 2013
Charleston, South Carolina

---

[1] The Complaint was previously served on Defendant Nurse A. Enloe. (Dkt. No. 20).

5