UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Gatewood Blakely, | ) | C/A No.  5:12-cv-410-RMG-KDW |
| a/k/a James G. Blakely, | ) | |
| a/k/a Jimmy G. Blakely; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| v. | ) | |
| | ) | |
| Michael McCall, D Bush, S Clayton, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants[1] violated his constitutional rights. This matter is before the court on the Motion for Summary Judgment filed by Defendant Enloe on September 26, 2012. ECF No. 28.  As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[2] on September 27, 2012, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 29. Plaintiff responded to Defendant's motion on December 12, 2012,[3] and Defendant replied on December 13, 2012, making this motion ripe for consideration.  ECF Nos. 43, 47. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28

---

[1] On March 14, 2013, the court partially adopted the Report and Recommendation entered on May 10, 2012 and summarily dismissed Plaintiff's claims except for his claims for 1) deliberate indifference against Defendant Nurse A. Enloe and 2) retaliation.  ECF No. 55.

[2] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

[3] Plaintiff failed initially to timely respond to Defendant's motion and the case was recommended for dismissal for failure to prosecute. ECF No. 37. Plaintiff subsequently filed an objection to the Report and Recommendation which the district judge construed as a response to Defendant's Motion for Summary Judgment.  ECF No. 48.

U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendant's summary judgment motion is dispositive, a Report and Recommendation is entered for the court's review.

I.     Background

Plaintiff brought this action under 42 U.S.C. § 1983 seeking damages and declaratory relief for alleged violations that occurred while he was an inmate at Perry Correctional Institution. ECF No. 1. Plaintiff filed his Complaint on February 13, 2012, alleging constitutional violations and other deprivations against Defendant Enloe. ECF No. 1. Specifically, Plaintiff complains that Defendant Enloe took his walking cane on November 22, 2011, and replaced it with a metal walker. ECF No. 1-1 at 8. Plaintiff argues that Defendant Enloe replaced his walking cane "without any warning or instruction" on the use of the walker. *Id.* at 11. Plaintiff alleges that, on this same day, while using the walker, he fell down the stairs while coming from the shower. *Id.* at 9. Plaintiff contends that he "injured his back, leg, shoulders and neck" and Defendant Enloe refused to provide him medical treatment. *Id.* Plaintiff alleges that he was denied medical treatment for the next five days while awaiting transfer to Lieber Correctional Institution. *Id*. Plaintiff requests compensatory damages in the amount of $20,000; punitive damages in the amount of $10,000; a jury trial; costs; and declaratory relief. *Id.* at 16.

II.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth

specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.     Analysis

Defendant Enloe moves for summary judgment arguing that Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 because the evidence in the record establishes that Defendant Enloe provided Plaintiff with appropriate treatment, and that Plaintiff received appropriate medical care. ECF No. 28-1. In response, Plaintiff contends that Defendant Enloe

3

refused to provide Plaintiff with medical treatment on November 22, 2011, and also refused to x-ray Plaintiff's back, leg, shoulder, and neck, in violation of Plaintiff's Eighth Amendment rights. ECF No. 43 at 4.  Plaintiff argues that he is still suffering pain from his back, leg, neck and shoulder injuries.  *Id.* at 5. Plaintiff avers that if Defendant Enloe had investigated his living environment before taking his walking cane, she would have known the danger of Plaintiff "going up and down stairs with a metal walker." *Id.*

In order to prevail on a cause of action for deliberate indifference to medical needs, Plaintiff must show that the named defendants were deliberately indifferent to his serious medical need.  *Farmer v. Brennan*, 511 U.S. 825, at 832-33 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  Deliberate indifference to a serious medical need requires proof that each Defendant knew of and disregarded the risk posed by the Plaintiff's objectively serious medical needs.  *Farmer*, 511 U.S. at 837.  In cases involving the denial of or the delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or risk of harm. *Sosebee v. Murphy*, 797 F.2d 179, 182-83 (4th Cir. 1986).  The Fourth Circuit defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir. 2008).  A medical condition is also serious if a delay in treatment causes a lifelong handicap or permanent loss. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Defendant Enloe offers Plaintiff's medical records and her own affidavit in support of her summary judgment motion.  *See* ECF Nos. 28-2, 28-4, 28-5.  Defendant Enloe attests that she issued a verbal order on November 22, 2011, to retrieve Plaintiff's walking cane and issue a

walker in its place in response to a directive by SCDC's Medical Director. ECF No. 28-2 at 1. Approximately 45 minutes after he received his walker, Plaintiff was brought to the Medical Department on a stretcher due to a reported fall down three steps while Plaintiff was going to the shower[4] using his walker. *Id.* at 2; ECF No. 28-4 at 59. Plaintiff complained of severe lower back pain but during his examination no muscle spasms or bone deformities were noted, and Plaintiff was able to move his legs without difficulty. ECF No. 28-4 at 58. When Plaintiff initially arrived at the Medical Department he was seen by nursing personnel and was given an injection of Nubain for pain per Defendant Enloe's instructions. ECF No. 28-2 at 2. Defendant Enloe attests that she examined Plaintiff approximately 30 minutes after he received the Nubain injection and Plaintiff was not in apparent distress. *Id.* It was later noted that Plaintiff was sleeping soundly on the stretcher. ECF No. 28-4 at 59. Plaintiff remained in the Medical Department for approximately four hours and was transported back to his Unit via wheelchair. *Id.* Plaintiff was instructed to continue taking Chlorzoxazone and Percogesic for pain and muscle spasms. *Id.* Plaintiff was also instructed to walk for short distances using the walker to avoid stiffening of his joints. *Id.*

Defendant Enloe again saw Plaintiff the morning of November 23, 2011. ECF No. 28-2 at 2. Plaintiff stated that he was able to sleep after taking his medication and Defendant Enloe observed that Plaintiff was able to sit comfortably on the exam table and was able to walk without the walker, but did exhibit facial grimacing. *Id.* at 2-3. Defendant Enloe attests that Plaintiff's examination did not reveal symptoms of a back or disc injury, but did suggest that Plaintiff had a possible lumbar strain. *Id.* at 3. Defendant Enloe attests that she instructed Plaintiff to continue taking the Percogesic and Chlorzoxazone and she also prescribed Ultram, a

---

[4] Although Plaintiff alleges he was "coming from the shower" when he fell, ECF No. 1-1 at 9, neither party disputes Plaintiff's fall on the stairs.

stronger pain medication. *Id.* at 3.  As a precaution, Defendant Enloe also requested that Plaintiff be sent for x-rays of the lumbar spine. *Id.* at 4. Defendant Enloe avers that she is not aware of Plaintiff signing up for sick call or requesting to be seen between the time she saw him on November 23, 2011, and when he was transferred to Lieber Correctional Institution on November 28, 2011. *Id.*  Defendant Enloe attests that she had no involvement with Plaintiff's medical care and treatment since she saw him on November 23, 2011, and would not have any involvement with Plaintiff's medical treatment after he was transferred.  *Id.* Defendant Enloe states that she does not believe that Plaintiff had a significant or substantial injury, and that Plaintiff was provided appropriate medical care. *Id.*

The undersigned has reviewed the record and finds that Plaintiff has failed to furnish facts or evidence sufficient to survive summary judgment.  Plaintiff has not offered any evidence that his purported back injury constituted an objectively serious medical need, or that Defendant Enloe was deliberately and intentionally indifferent to his needs of which she was aware at the time.   To the extent Plaintiff contends that Defendant Enloe was deliberately indifferent to a serious medical need when she replaced Plaintiff's walking cane with a walker, the record indicates that Defendant Enloe had a legitimate penological objective for confiscating Plaintiff's walking cane and that Defendant Enloe did not act with the intent to cause Plaintiff harm or with a reckless disregard of a risk of harm.  *See Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (finding that the denial of attention for a serious medical need must be both deliberate and without penological objective).  Accordingly, the undersigned recommends granting Defendant Enloe's Motion for Summary Judgment.

IV.	Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant Enloe's Motion for Summary Judgment, ECF No. 28, be **granted**, and that Plaintiff's deliberate medical indifference claim against Defendant Enloe be dismissed.

IT IS SO RECOMMENDED.

March 15, 2013								Kaymani D. West
Florence, South Carolina						United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**