IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely;<br>a.k.a. James Gatewood Blakely;<br>a.k.a. Jimmy G. Blakely,<br><br>    Plaintiff,<br><br>v.<br><br>Michael McCall; D. Bush; S. Clayton;<br>M. Snyder; A. Enloe; Ms. Loew; Mr.<br>Olsen; Ann Hallman; David M. Tatarsky;<br>Robert Wards; William Byars, Jr.,<br><br>    Defendants. | Civil Action No.: 5:12-410-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Defendant Enloe's motion for summary judgment. (Dkt. No. 58). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff, a state prisoner proceeding pro se, filed this civil action pursuant to 28 U.S.C. § 1983 alleging violation of his constitutional rights due to his treatment by prison officials at the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections. Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge for pretrial proceedings. On March 15, 2013, the Magistrate Judge issued the present R&R recommending the Court grant Defendant Nurse A. Enloe's motion for summary judgment. (Dkt. No. 58). Plaintiff then filed timely objections to the R&R. (Dkt. No. 91).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

Plaintiff asserts a cause of action against Defendant Nurse A. Enloe for deliberate indifference to his serious medical needs. While in custody, a prisoner has certain rights under the Fourteenth and Eighth Amendments, including the right to receive adequate medical care. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239 (1983). "Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). However, "[t]o establish that a health provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* Plaintiff asserts Defendant Enloe breached this standard through the care she provided after he fell down some stairs at PCI.

After reviewing the record, the Court agrees with the Magistrate Judge that Plaintiff has not presented evidence that Defendant Enloe was deliberately and intentionally indifferent to his needs. Rather, the record demonstrates that Defendant Enloe responded to Plaintiff's complaints

of pain by providing medication and recommending x-rays and that Plaintiff be moved to a facility without stairs. (Dkt. Nos. 28-2; 91-1 at 2). Plaintiff clearly objects to the course of treatment he received, but a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. *See Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010); *see also O'Connor v. Pierson*, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."). Further, the Court finds Plaintiff's broad statements that his medical records were falsified are insufficient to create a genuine issue of fact. *See Legg v. S. Health Partners*, C.A. No. 1:12-481-MGL, 2013 WL 474804, at *4 (D.S.C. Feb. 7, 2013).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 58). Accordingly, the Court GRANTS Defendant Enloe's motion for summary judgment. (Dkt. No. 28).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 13, 2013
Charleston, South Carolina

3