IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely<br>a.k.a. James Gatewood Blakely<br>a.k.a. Jimmy G. Blakely<br><br>    Plaintiff,<br><br>v.<br><br>Michael McCall; D. Bush; S. Clayton;<br>M. Snyder; A. Enloe; Ms. Loew; Mr.<br>Olsen; Ann Hallman; David M. Tatarsky;<br>Robert Wards; William Byars, Jr.,<br><br>    Defendants. | C/A No. 5:12-410-RMG<br><br><br><br><br>ORDER |

This matter is before the Court on Plaintiff's motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. No. 100). For the reasons stated below, the Court denies Plaintiff's motion.

**Background**

Plaintiff filed this § 1983 action alleging, *inter alia*, that Defendant Enloe ("Enloe") acted with deliberate indifference to his medical needs. (Dkt. No. 1). Enloe then filed a motion for summary judgment. (Dkt. No. 28). This Court then adopted the Magistrate Judge's Report and Recommendation granting the motion. (Dkt. Nos. 58, 95). On June 25, 2013, Plaintiff filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. No. 100). Enloe filed her response in opposition on July 2, 2013. (Dkt. No. 103).

1

## Legal Standard

"Motions under Rule 59 are not to be made lightly." *Reyes v. Jeffcoat*, No. 3:12-cv-29-JFA, 2012 WL 4097268, at *1 (D.S.C. Sept. 18, 2012). Rule 59 motions should be granted only for three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)); *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion."). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are Rule 59 motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

## Law/Analysis

This Court granted Enloe's summary judgment motion because Plaintiff failed to demonstrate that Enloe was deliberately and intentionally indifferent to his medical needs. (Dkt. No. 95 at 2). This Court noted that the record showed that "Enloe responded to Plaintiff's complaints of pain by providing medication and recommending x-rays and that Plaintiff be moved to a facility without stairs." (*Id.* at 2-3). In granting Enloe's motion, this Court held that neither Plaintiff's disagreement regarding his course of medical treatment nor his broad statements that his medical records were falsified created a genuine issue of fact. (*Id.* at 3).

After careful consideration, this Court finds that Plaintiff fails to state grounds for relief under Rule 59. In his motion, Plaintiff requests this Court to "rule on the issues Plaintiff raised in his original complaint." (Dkt. No. 100 at 3). In particular, Plaintiff claims that Enloe acted

negligently in replacing his walking cane with a walker when she knew there was no shower he could safely access due to the risk of falling down the stairs. (*Id.* at 2). Plaintiff further claims that Enloe's alleged failure to follow medical instructions resulted in his injuries. (*Id.*). Lastly, Plaintiff claims Enloe acted with deliberate indifference in allegedly refusing to treat his injuries following his fall. (*Id.* at 3–4). In his motion, Plaintiff simply reargues the same matters already raised and considered by the Court when it granted Enloe's motion for summary judgment. (Dkt. No. 95). This Court therefore denies Plaintiff's motion because he has failed to demonstrate that there has been an intervening change in controlling law, new evidence for this Court to consider, or that this Court made any clear errors of law.

## Conclusion

For the reasons set forth above, the Court denies Plaintiff's motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. No. 100).

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

July ___, 2013
Charleston, South Carolina

3