IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely;<br>a.k.a. James Gatewood Blakely;<br>a.k.a. Jimmy G. Blakely,<br><br>    Plaintiff,<br><br>v.<br><br>Michael McCall; D. Bush; S. Clayton;<br>M. Snyder; Ms. Loew; Mr. Olsen;<br>Ann Hallman; David M. Tatarsky;<br>Robert Wards; William Byars, Jr.,<br><br>    Defendants. | Civil Action No.: 5:12-410-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") that this matter be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 114). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to 28 U.S.C. § 1983 alleging violation of his constitutional rights arising from his treatment by prison officials at the Leiber Correctional Institution of the South Carolina Department of Corrections. Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge for pretrial handling. On March 22, 2013, Defendants filed a motion to dismiss. (Dkt. No. 64). The Magistrate Judge then issued a *Roseboro* order[1] which directed Plaintiff to file a response to the motion and advised him of the possible consequences of failing to respond. (Dkt. No. 65). Plaintiff then requested an extension

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

of time to file a response to Defendants' motion, (Dkt. No. 77), and the Magistrate Judge granted the extension, (Dkt. No. 78), setting a new deadline for May 29, 2013. Plaintiff failed to file a response to the motion by that date. On July 16, 2013, the Magistrate Judge issued yet another order directing Plaintiff to file a response to Defendants' motion to dismiss by August 2, 2013, and advising Plaintiff that a failure to respond may result in termination of this case. (Dkt. No. 106). Plaintiff again failed to file a response. On August 21, 2013, the Magistrate Judge then issued the present R&R recommending the Court dismiss this action for failure to prosecute. (Dkt. No. 114). Plaintiff failed to file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

## Discussion

After review of the record and the R&R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the order of the Court. Federal Rule of Civil Procedure 41(b) permits the dismissal of an action if a plaintiff fails to prosecute or comply with a court order. A federal court may use its discretion in deciding whether to dismiss a case with prejudice. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has set forth four criteria a district court must consider in deciding whether to dismiss a case with prejudice under Rule 41(b): "(1) the degree of personal responsibility on the

part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (quotations omitted). Here, the factors weigh in favor of dismissal. Plaintiff was provided with multiple opportunities to respond to Defendants' motion, and his repeated failures resulted in significant delay. Further, it appears that Plaintiff, proceeding pro se, is responsible for the delay. Thus, the Court agrees with the Magistrate Judge that dismissal is appropriate.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 114). Accordingly, this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 17, 2013
Charleston, South Carolina